# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AMJAD QUTTAINEH,**

       **Plaintiff,**

-vs-                                      **Case No. 6:06-cv-437-Orl-19KRS**

**OMNIAT INTERNATIONAL TELECOM, LLC,**

       **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION TO COMPEL DOCUMENTS RESPONSIVE TO HIS SECOND REQUEST FOR PRODUCTION OF DOCUMENTS (Doc. No. 33)**
>
> **FILED:** November 22, 2006
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff Amjad Quttaineh seeks an order compelling Defendant Omniat International Telecom, LLC (Omniat), to produce documents responsive to a request for production of documents. Quttaineh represents that Omniat has not produced any documents responsive to the request, but has used the documents in mediation and otherwise.

Pursuant to the Case Management and Scheduling Order, Omniat was required to file a response to this motion within eleven days after it was served, plus three days for mailing time. Doc.

No. 24 at 5 n.1. Omniat has not filed a response to the motion as of the writing of this order, and the time for doing so has passed. Therefore, I treat the motion as unopposed.

Accordingly, it is **ORDERED** that, on or before December 22, 2006, Omniat shall produce documents responsive to Quttaineh's First Request for Production of Documents, doc. no. 33-2, for inspection and copying by counsel for Quttaineh. Any objections, other than privilege and protection, are waived for failure timely to assert them. To the extent that Omniat asserts that responsive documents, or portions thereof, are privileged or protected, he must assert those objections as to each document or portion thereof withheld from production in a privilege log[1] served on or before December 22, 2006.

Quttaineh also seeks an award of the reasonable expenses it incurred in bringing the present motion. Such relief is provided for under Federal Rule of Civil Procedure 37(a)(4) when a motion to compel is granted and there is no showing that the responses made to discovery requests were substantially justified or that other circumstances make an award of expenses unjust. Having filed no response to the motion, Omniat has not presented any basis to conclude that his responses were substantially justified or that other circumstances make an award of expenses unjust. Accordingly, it is **ORDERED** that, on or before December 29, 2006, Omniat shall tender to counsel for

---

[1] A privilege log must identify each document or item of information withheld pursuant to a claim of privilege or protection by date, author, recipients (including recipients of copies), specific privilege or protection claimed and must describe the subject matter of each document or item of information withheld in sufficient detail to permit opposing counsel and the Court to assess the applicability of the claimed privilege or protection. Fed. R. Civ. P. 26(b)(5); *Golden Trade S.r.L. v. Lee Apparel Co.*, Nos. 90 Civ. 6291 (JMC), 90 Civ. 6292 (JMC) and 92 Civ. 1667 (JMC), 1992 WL 367070, at *5, (S.D.N.Y. Nov. 20, 1992) (quoting *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987)). The privilege log must be adequate on its face to establish *prima facie* support for the claimed privilege or protection.

Quttaineh, the sum of $250.00, to compensate Quttaineh, in part, for the attorneys' fees and costs he incurred in filing the motion to compel.

**DONE** and **ORDERED** in Orlando, Florida on December 12, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties