**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AMJAD QUTTAINEH,**

    **Plaintiff,**

-vs-              Case No. 6:06-cv-437-Orl-19KRS

**OMNIAT INTERNATIONAL TELECOM, LLC,**

    **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION TO COMPEL DOCUMENTS RESPONSIVE TO HIS FIRST SET OF INTERROGATORIES (Doc. No. 35)**
>
> **FILED:** November 30, 2006
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Defendant Omniat International Telecom, LLC (Omniat), indicates that it has forwarded responses to the interrogatories to counsel for the plaintiff.[1] If the responses are not sufficient,

---

[1] Counsel for defendant shall review the local rules of this Court and comply therewith in all further filings. The Response to the Motion to Compel is not properly formatted, in that it is single spaced and not accompanied by a memorandum of law.

Plaintiff Amjad Quttaineh may filed a renewed motion to compel within the time permitted by the Case Management and Scheduling Order.

Plaintiff Amjad Quttaineh also requests sanctions under Federal Rule of Civil Procedure 37. Rule 37(a)(4) provides that if a motion to compel is granted, "or if the . . . requested discovery is provided after the motion was filed, the court shall . . . require the party . . . whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the . . . discovery without court action, or the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust."

Here, counsel for Omniat represents that he communicated with counsel for Quttaineh regarding the interrogatories and indicated that due to an absence from the country, that the answers to interrogatories would be delayed. Doc. No. 37. He further states that he promptly provided the responses after they were requested at a deposition. Under these circumstances, it appears that counsel for Quttaineh did not complete the good faith effort to obtain the discovery without court action.

**DONE** and **ORDERED** in Orlando, Florida on December 15, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties